IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHAZARUS HILL, Sr.,             No. C-09-3147 TEH (PR)

        Petitioner,

    v.                             ORDER TO SHOW CAUSE

MATTHEW CATE, Secretary,

        Respondent.

_____/

Petitioner, a state prisoner incarcerated at the Sierra Conservation Center in Jamestown, California, filed a pro se amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Alameda County Superior Court. Doc. #7. After the Court issued an order to show cause, Respondent filed a motion to dismiss the amended petition on the ground that Petitioner failed to exhaust two claims contained therein. Doc. ## 8 & 11. After Respondent moved to dismiss, Petitioner filed a motion to stay the proceedings to allow him to return to state court to exhaust his unexhausted claims. Doc. #12. The Court granted Petitioner's motion to stay and closed the case

administratively. Doc. #13. After Petitioner exhausted all claims in state court, see Doc. #14 at 2, the Court granted his motion to lift the stay and reopened the action. Doc. #21. On October 3, 2011, Petitioner filed the instant second amended petition containing all exhausted claims. Doc. #22.

I

Petitioner was sentenced to twenty-six years to life in state prison following his convictions of first degree murder, assault on a child causing death and felony child abuse involving the infliction of great bodily injury on a child under the age of five. Doc. #22 at 2. The California Court of Appeal affirmed the judgment in an unpublished opinion, People v. Hill, No. A117040, 2008 WL 2130476 (Cal. Ct. App. May 21, 2008), and the California Supreme Court denied his petition for review. Id. On December 1, 2010, the California Supreme Court denied an exhaustion petition filed there. Doc. #14 at 2.

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

2

Petitioner seeks federal habeas corpus relief by alleging various claims, including there was insufficient evidence to support his convictions, the trial court improperly removed a juror during trial, and the state improperly calculated his time credits. Doc. #22. Liberally construed, these claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

III

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the second amended petition (Doc. #22), and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented in the second amended petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent

3

1  within thirty (30) days of his receipt of the Answer.

2      3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

    4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

    IT IS SO ORDERED.

DATED   *11/21/2011*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.09\Hill-09-3147-osc-post-exhaustion.wpd

**4**